9/22/2015 5:04:55 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7045267
By: Krystal Franklin
Filed: 9/22/2015 5:04:55 PM

# 2015-56563 / Court: 151

NO. _____

| | | |
|---|---|---|
| JILL AIMES, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jill Aimes ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Travelers Home and Marine Insurance Company ("Travelers" or "Defendant") and for causes of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.     Plaintiff, Jill Aimes, resides in Harris County, Texas.

3.     Defendant, Travelers Home and Marine Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Travelers, through its registered agent for service, **Corporation Service Company, 211 E 7th Street, Suite 620, Austin, TX, 78701-3218**. Plaintiff

Certified Document Number: 67142839 - Page 1 of 14

requests service at this time.

## JURISDICTION

4.      The Court has jurisdiction over Travelers Home and Marine Insurance Company because this defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5.      Venue is proper in Harris County, Texas, because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.      Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.      Plaintiff owns a Travelers Home and Marine Insurance Company homeowner's insurance policy, number 986679851633-1 ("the Policy"), which was issued by Travelers. At all relevant times, Plaintiff owned the insured premises located at 6739 Apple Valley Lane, Houston, Texas 77099 ("the Property").

8.      Travelers or its agent sold the Policy, insuring the Property, to Plaintiff. Travelers represented to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's home.

9.      On or about May 25, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas, area.

2

Certified Document Number: 67142839 - Page 2 of 14

10.    In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Travelers against the Policy for damage to the Property.  Travelers assigned claim number HUK7133001H to Plaintiff's claim.

11.    Plaintiff asked Travelers to cover the cost of damage to the Property pursuant to the Policy.

12.    Travelers hired or assigned its agents, namely Jason Rafa, to inspect and adjust the claim. Rafa conducted an inspection on or about June 4, 2015.  Based on Rafa's inspection and estimate Travelers agreed to pay for the replacement of the storm-damaged left slope of the roof.  Travelers also agreed to pay for interior water damage to the kitchen, family room, hallway and foyer, dining room, bathroom, and bedroom.  This extensive damage list generated damages totaling only $1,333.57 after application of depreciation and deductible. This left Plaintiff without adequate recovery to complete proper repairs on her home.

13.    Travelers, through its agent, Rafa, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

14.    Travelers has ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage, in a manner that complies with Harris County building codes.  The damage to Plaintiff's Property is currently estimated at $81,846.89.

15.    As stated above, Travelers improperly adjusted Plaintiff's claim.  Without limitation, Travelers misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under

Certified Document Number: 67142839 - Page 3 of 14

the Policy.

16.     Travelers made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Travelers made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Rafa.

17.     Plaintiff relied on Travelers misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

18.     Upon receipt of the inspection and estimate reports from Rafa, Travelers failed to assess the claim thoroughly. Based upon Travelers' grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Travelers failed to provide coverage due under the Policy, and Plaintiff suffered damages.

19.     Because Travelers failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

20.     Furthermore, Travelers failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Travelers refused to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

21.     Travelers' misrepresentations, unreasonable delays, and continued denials constitute a

4

breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

22.    Travelers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Travelers has failed to settle Plaintiff's claim in a fair manner, although Travelers was aware of their liability to Plaintiff under the Policy. Specifically, Travelers has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

23.    Travelers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Defendant failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

24.    Additionally, after Travelers received statutory demand on or about June 16, 2015, Travelers has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

25.    Travelers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Travelers refused to provide full coverage to Plaintiff under the Policy due to Defendant's failure to conduct a reasonable investigation.

26.    Specifically, Travelers, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and

5

inequitable evaluation of Plaintiff's losses on the Property.

27.     Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Travelers failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

28.     Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Travelers failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Travelers has delayed full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

29.     Travelers' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing her with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT TRAVELERS HOME AND MARINE INSURANFCE COMPANY

### BREACH OF CONTRACT

30.     Travelers is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Travelers and Plaintiff.

31.     Travelers' failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Travelers' insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:

6

Certified Document Number: 67142839 - Page 6 of 14

## UNFAIR SETTLEMENT PRACTICES

32.  Travelers' conduct constitutes multiple violations of the Texas Insurance Code. Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

33.  Travelers' unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

34.  Travelers' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Travelers' liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

35.  Travelers' unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

36.  Travelers' unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

37.  Travelers' conduct constitutes multiple violations of the Texas Insurance Code. Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

7

38. Travelers' delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

39. Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

40. Travelers' failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Travelers knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

41. Travelers' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Travelers pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Travelers. Specifically, Travelers' violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Travelers has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Travelers' violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become

Certified Document Number: 67142839 - Page 8 of 14

reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Travelers represented to Plaintiff that the Policy and Travelers' adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Travelers represented to Plaintiff that Travelers' Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Travelers advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Travelers breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   Travelers' actions are unconscionable in that Travelers took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Travelers' unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.   Travelers' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

Certified Document Number: 67142839 - Page 9 of 14

42.     Each of the above-described acts, omissions, and failures of Travelers is a producing cause of Plaintiff's damages.   All of Travelers' acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

43.     Travelers is liable to Plaintiff for common law fraud.

44.     Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as she did, and Travelers knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

45.     Travelers made these statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## KNOWLEDGE

46.     Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

47.     Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

10

Certified Document Number: 67142839 - Page 10 of 14

48.   The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

49.   Plaintiff currently estimates that actual damages to the Property under the Policy are $81,846.89.

50.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

51.   For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claims, consequential damages, together with attorney's fees.

52.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

53.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

11

Certified Document Number: 67142839 - Page 11 of 14

54.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Travelers owed, exemplary damages, and damages for emotional distress.

55.    Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct, and to set an example to deter Defendant and others from committing similar acts in the future.

56.    For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

57.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Certified Document Number: 6714283 - Page 12 of 14

58.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states

        that the damages sought are in an amount within the jurisdictional limits of this Court. As

        required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states

        that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than

        $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment

        interest, and attorney fees. A jury will ultimately determine the monetary relief actually

        awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest

        legal rate.

### REQUESTS FOR DISCLOSURE

59.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose,

        within fifty (50) days from the date this request is served, the information or material described

        in Rules 190.2(b)(6) and 194.2.

### JURY DEMAND

60.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

        jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the

        appropriate jury fee.

### PRAYER

        Plaintiff prays that Defendant, Travelers Home and Marine Insurance Company, be cited

and served to appear, and that upon trial hereof, Plaintiff, Jill Aimes, recovers from Defendant,

Travelers Home and Marine Insurance Company, such sums as would reasonably and justly

compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential,

and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and

Certified Document Number: 67142839 - Page 13 of 14

all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests

the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended

on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any

other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Christian E. Hawkins
Bar No. 24092499
CHawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this ___October 5, 2015___

Certified Document Number: _____67142839_____

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**CIVIL CASE INFORMATION SHEET**

9/22/2015 5:04:55 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 7045267
By: FRANKLIN, KRYSTAL G
Filed: 9/22/2015 5:04:55 PM

CAUSE NUMBER (FOR CLERK USE ONLY): _____   COURT (FOR CLERK USE ONLY): _____

STYLED _2015-56563 / Court: 151_

Jill Almes v. Travelers Home and Marine Insurance Company

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Chad T. Wilson | Email:<br>cwilson@cwilsonlaw.com | Plaintiff(s)/Petitioner(s):<br>Jill Almes | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br>1322 Space Park Drive, Suite A155 | Telephone:<br>832-415-1432 | Defendant(s)/Respondent(s):<br>Travelers Home and Marine Insurance Company<br>[Attach additional page as necessary to list all parties] | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br>Houston, Texas 77058 | Fax:<br>281-940-2137 | | Non-Custodial Parent: |
| Signature: | State Bar No:<br>24079587 | | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: | ☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: | ☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 5, 2015

Certified Document Number:      67142840

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

9/22/2015 5:04:55 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 7045267
By: FRANKLIN, KRYSTAL G
Filed: 9/22/2015 5:04:55 PM

2015-56563 / Court: 151

# CHAD T. WILSON LAW FIRM

CHAD T. WILSON - Attorney at Law                                    cwilson@cwilsonlaw.com

September 22, 2015

Mr. Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, Texas 77002

RE:  Cause No.:_____; *Jill Aimes v. Travelers Home and Marine Insurance Company*, In the _____ District Court, Harris County, Texas.

Dear Mr. Daniel:

Please prepare a civil process citation for the following and have served by Certified Mail Return Receipt Requested through the court:

1.  Travelers Home and Marine Insurance Company
    c/o Corporation Service Company
    211 East 7th Street, Suite 620
    Austin, Texas 78701-3218

I understand that there is a charge for this service and an additional charge to attach a copy of the Original Petition to the citation will be charged.  If any additional information is needed, feel free to contact this office.  Thank you for your cooperation and assistance.

Sincerely yours,

Chad T. Wilson
Texas State Bar No. 24079587
Chad T Wilson Law Firm PLLC
Office:  (832) 415-1432
Fax:      (281) 940-2137

Certified Document Number: 67142841 - Page 1 of 1





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 5, 2015

Certified Document Number:      67142841

*Chris Daniel*

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7014  3490  0001  9500  4373 A.S.

CAUSE NO. 201556563

RECEIPT NO.                          75.00        CTM
********                                    TR # 73171712

PLAINTIFF: AIMES, JILL                              In The   151st
        vs.                                         Judicial District Court
DEFENDANT: TRAVELERS HOME AND MARINE INSURANCE COMPANY    of Harris County, Texas
                                                    151ST DISTRICT COURT
                                                    Houston, TX

                              CITATION
THE STATE OF TEXAS
County of Harris

**F I L E D**
Chris Daniel
District Clerk
SEP 2 3 2015
Time:
By:
Harris County, Texas
Deputy

TO: TRAVELERS HOME AND MARINE INSURANCE COMPANY THROUGH ITS REGISTERED
    AGENT CORPORATION SERVICE COMPANY
    211 E 7TH STREET SUITE 620   HOUSTON TX 787013218

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURES AND JURY DEMAND

This instrument was filed on the 22nd day of September, 2015, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 23rd day of September, 2015, under my hand and
seal of said Court.

Issued at request of:                          CHRIS DANIEL, District Clerk
WILSON, CHAD TROY                              Harris County, Texas
1322 SPACE PARK DRIVE SUITE A156               201 Caroline      Houston, Texas 77002
HOUSTON, TX 77058                              (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 334-1753
Bar No.: 24079587                              GENERATED BY: FRANKLIN, KRYSTAL GA   Q8I//10199944

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____      copy(ies) of the
                                                                      Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____                                _____

                                               _____ of _____ County, Texas

_____                  By _____
        Affiant                                        Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                               _____
                                                    Notary Public

N.INT.CITR.P

Certified Document Number: 67192467 - Page 1 of 1
Confirmed File Date: 9/23/2015





I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 5, 2015

Certified Document Number:        67192467

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CONFIRMED FILE DATE: 9/25/2015



## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

RECEIVED
SEP 2 5 2015
SEP 2 5 Postmark
Here
Chris Daniel
District Clerk

Sent To: Travelers Home and Marine Insurance Company
c/o Corporation Service Company
Street & Apt. No. or PO Box No: 211 E 7th Street Suite 620
City, State, ZIP+4: Houston, TX 78701 3218

2015-56863        15135

PS Form 3800, July 2014        See Reverse for Instructions

### Certified Mail service provides the following benefits

- A Certified Mail receipt (this portion of the Certified Mail label)
- A unique identifier for your mailpiece
- Electronic verification of delivery or attempted delivery
- A record of delivery (including the recipient's signature) that is retained by the Postal Service® for a specified period

*Important Reminders*
- You may purchase Certified Mail service with First Class Mail® First Class Package Service® or Priority Mail® service.
- Certified Mail service is *not* available for International mail
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee you may request the following services
  - Return receipt service which provides you with a record of delivery (including the recipient's signature) You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt complete PS Form 3811 *Domestic Return Receipt* attach PS Form 3811 to your

mailpiece include applicable postage to cover the return receipt service fee and endorse the mailpiece Return Receipt Requested or see a retail associate for assistance For an electronic return receipt, see a retail associate for assistance To receive a duplicate return receipt present this USPS® postmarked Certified Mail receipt to the retail associate who will provide a duplicate return receipt for no additional fee
  - Restricted delivery service which provides delivery to the addressee specified by name or to the addressee's authorized agent include applicable postage to cover the restricted delivery fee and endorse the mailpiece Restricted Delivery or see a retail associate for assistance
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office for postmarking If you don't need a postmark on this Certified Mail receipt detach the barcoded portion of the label affix it to the mailpiece apply appropriate postage and deposit the mailpiece

**IMPORTANT Save this receipt for your records.**

PS Form **3800** July 2014 *(Reverse)* PSN 7530-02-000-9047

Certified Document Number: 67226060 - Page 1 of 1





I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 5, 2015

Certified Document Number:        67226060

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**